Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GRISEL MARILYN MORALES GIBOYEAUX<br><br>Demandante - Recurrida<br><br>v.<br><br>ÓPTIMA SEGUROS, ASEGURADORA DESCONOCIDA, MAPFRE PRAICO INS COMPANY<br><br>Demandada – Peticionaria | KLCE202400477 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2023CV07764 (804)<br><br>Sobre:  Daños y Perjuicios (Caída) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de mayo de 2024.

En un caso de daños y perjuicios a raíz de una caída en una acera, el Tribunal de Primera Instancia ("TPI") denegó una moción de desestimación por las alegaciones, presentada por una aseguradora y fundamentada en supuesta prescripción.  Según se explica en detalle a continuación, en el ejercicio de nuestra discreción, hemos determinado no intervenir con la decisión recurrida.

I.

El 14 de agosto de 2023, la Sa. Grisel Marlyn Morales Giboyeaux (la "Demandante") presentó la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra del Municipio de San Juan (el "Municipio"), Óptima Seguros ("Óptima") y "Aseguradora Desconocida".  Se alegó que Óptima, para la fecha de los hechos objeto de la Demanda, "tenía expedida a favor del [Municipio] una póliza de seguro con cubierta para responder a los reclamos que se incluyen en la presente demanda".  También se alegó que la

"Aseguradora Desconocida", "para la fecha del incidente[,] … tenía expedida a favor del Municipio de San Juan una póliza de seguro con cubierta para responder a los reclamos que se incluyen en la presente demanda".

La Demandante aseveró que, el 14 de agosto de 2022, "sufrió una caída aparatosa en [una] acera" del Municipio, ello como "consecuencia de la conducta culposa y negligente del Municipio al no dar el mantenimiento adecuado a la acera y provocar y permitir que la misma [tuviese] un desnivel inadecuado".

El 13 de octubre, a poco menos de dos meses luego de presentada la Demanda, la Demandante le informó al TPI que Óptima "nos acaba de informar hoy que no era la aseguradora del Municipio para la fecha" de su caída. Se anejó la comunicación escrita de Óptima al respecto.

Junto con la referida moción, la Demandante presentó una *Demanda Enmendada,* ello con el fin de incluir a Mapfre Praico Insurance ("Mapfre") como la aseguradora del Municipio que sí respondería por la caída objeto de la Demanda.

El 11 de marzo, Mapfre presentó una *Solicitud de Desestimación por Prescripción* (la "Moción"). Resaltó que la enmienda a la Demanda ocurrió más de un año luego de la caída de la Demandante. Arguyó que, si la Demandante hubiese "empleado algún grado de diligencia razonable, hubiera conocido sobre la identidad de la aseguradora del Municipio dentro del término prescriptivo".

La Demandante se opuso a la Moción. Arguyó que había incluido en la Demanda a la "Aseguradora Desconocida" precisamente para interrumpir el término en cuanto a "cualquier otra aseguradora" que pudiese tener "expedida una póliza" bajo la cual podría responderse por la caída objeto de la Demanda. Señaló que, el mismo día en que Óptima le notificó que no tenía póliza

pertinente al caso, presentó la solicitud de enmienda a la Demanda con el fin de incluir a Mapfre.

Mediante una Resolución notificada el 15 de marzo (la "Resolución"), el TPI denegó la Moción. El TPI razonó que del récord surgía "la diligencia de la parte demandante", ello al haberse solicitado la enmienda a la Demanda "el mismo día que advino en conocimiento … de la verdadera identidad de la aseguradora, la cual se incluyó en la demanda original con nombre ficticio".

El 1 de abril (lunes), Mapfre solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 2 de abril.

Inconforme, el 30 de abril, Mapfre presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción. Disponemos.

## II.

El recurso de *certiorari* es el vehículo procesal discrecional utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía. *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que para ello debemos considerar. Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Véase, *IG Builders et al.,*185 DPR a las págs. 338-339.

Un *certiorari* sólo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. En otras palabras, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el TPI. *Íd.*

III.

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una reclamación sea desestimada por ciertas razones, entre ellas el dejar de exponer una reclamación que justifique la concesión de un remedio. El tribunal debe ponderar la moción de forma que se tomen "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-29 (2008).

Con esto es importante tener en cuenta que el contenido de una demanda debe incluir "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio...". Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. No es necesario entonces, que la parte demandante detalle minuciosamente en sus alegaciones lo ocurrido, sino que demuestre a grandes rasgos los méritos de su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

Asimismo, una moción de desestimación al amparo de la Regla 10.2(5) procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.,* 81 DPR 242, 266 (1959). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994).

IV.

Sobre la base de un cuidadoso estudio del récord, hemos determinado, en el ejercicio de nuestra discreción, abstenernos de intervenir con la decisión recurrida.

Según la teoría cognoscitiva del daño, para que comience a transcurrir el término prescriptivo de una acción de daños y perjuicios, como la presente, se requiere que la persona perjudicada conozca del daño sufrido, quién se lo ha causado y los elementos necesarios para poder ejercitar efectivamente su causa de

acción. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 374 (2012).

En este caso, la Demanda contiene alegaciones suficientes para establecer una causa de acción viable y el récord no le permitía al TPI concluir que la Demandante hubiese fallado en ejercer la debida diligencia para determinar la identidad de la aseguradora del Municipio que podría responder por su caída.

Por otra parte, e independientemente de lo anterior, como cuestión de derecho, no está claro que sea correcta la premisa de Mapfre, a los efectos de que una demanda contra su asegurado (el Municipio) no interrumpe automáticamente el término en cuanto a ella. Ello porque la solidaridad entre una aseguradora y su asegurado podría considerarse como propia, o "perfecta", y la norma es que, en esos casos, la interrupción en cuanto a un deudor perjudica también al otro. *Pérez v. Lares Medical,* 207 DPR 965 (2021) (resolviendo que la solidaridad se considera propia entre un patrono y el empleado por quien aquél responde de forma vicaria).

Adviértase que la "solidaridad es considerada perfecta cuando es entre varias personas unidas por un interés común, que tienen entre sí relaciones frecuentes o se conocen" *Pérez,* 207 DPR a la pág. 981 (citas omitidas). "En cambio, es imperfecta [o impropia] cuando es establecida mediante ley entre personas que no se conocen, que no son sino codeudores accidentales o cuando sus relaciones son esporádicas." *Íd.*

En fin, en vista de la temprana etapa del proceso, y a la luz del estándar liberal aplicable en cuanto a la evaluación de la suficiencia de las alegaciones de una demanda, el TPI actuó razonablemente al denegar la Moción, por lo que declinamos la invitación a intervenir con la decisión recurrida.

## V.

Por los fundamentos expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones